UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

FILED
MAY 2 3 2011

| | |
|---|---|
| JANE GEHRIG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:11cv563 AJT/TCB |
| | ) |
| TARGET STORE, #1076, et al., | ) |
| | ) |
| Defendants. | ) |

## NOTICE OF REMOVAL

Defendant Target Corporation d/b/a Target Stores ("Target")[1], by counsel, pursuant to 28 U.S.C.S. § 1332, 28 U.S.C.S. § 1441 and 28 U.S.C.S. § 1446, states as follows for its Notice of Removal:

1. This action is a civil action within the meaning of the Acts of Congress relating to the removal of cases.

2. This action was initiated in the Circuit Court for the City of Alexandria on or about February 3, 2011, with the filing of a Complaint, Case No. CL11-1382. In Plaintiff's Complaint, Plaintiff seeks a judgment in the amount of Five Hundred Thousand Dollars and 11/100[2] against Target. See Complaint, attached hereto as Exhibit A.

---

[1] Plaintiff improperly names Target Store, #1076 and Target Stores, Inc. as defendants in this action. Target Store, #107 is not an legal entity but rather a store owned and operated by Target Corporation. Target Stores is an unincorporated division of Target Corporation. Target Corporation, which does business as Target Stores, is the only proper defendant in this action. Accordingly, Target Corporation d/b/a Target Stores hereby responds to all allegations directed at the defendants in Plaintiff's Complaint and asserts affirmative defenses on their behalf.

[2] Plaintiff names two amounts in her Complaint: "$5000,000.00" and "Five Hundred Thousand Dollars and 11/100", both of which are in excess of the jurisdictional amount. Target assumes for the purposes of this Notice the spelled-out number (Five Hundred Thousand Dollars and 11/100) and not the numeral ("$5000,000.00) is Plaintiff's intended ad damnum.

3. Target was served with the Complaint on May 5, 2011.

4. Target has filed an Answer accompanying this Notice of Removal.

## I. Complete Diversity Exists between the Proper Parties.

5. At the time of the commencement of this action, upon information and belief, Plaintiff was a citizen and resident of the Commonwealth of Virginia. Upon information and belief, Plaintiff continues to be a citizen and resident of the Commonwealth of Virginia.

6. At the time of the commencement of this action, defendant Target was, and still is, a citizen of the State of Minnesota, where it is incorporated and where its principal place of business is located.

## II. The Amount in Controversy Is Satisfied in this Case.

7. Plaintiff claims compensatory damages in the amount of $500,000.11. *See* Exhibit A, Complaint. Thus, the Complaint places in controversy an amount in excess of $75,000.00, exclusive of costs and interest.

## III. The Removal is Timely, and the Prerequisites for Removal Have Been Met.

8. This Notice of Removal is timely. Target was served in this case on May 5, 2011, and thus, this Notice of Removal is being filed within 30 days of service pursuant to 28 U.S.C. § 1446(b).

9. This notice of removal is being filed within one (1) year of the date of commencement of the action for removal purposes.

10. Because complete diversity exists between Plaintiff and Target, Target is not a resident of the forum state, and the amount in controversy exceeds the jurisdictional amount required by 28 U.S.C. § 1332, this Court is vested with subject matter jurisdiction over this action and the case is properly removable under 28 U.S.C. § 1441(b).

11. Target has not previously sought similar relief in this case.

12. The prerequisites for removal under 28 U.S.C. §§ 1441 and 1446 have been met.

13. Target attaches a copy of the papers served on it as Exhibit A.

14. A true and correct copy of this Notice of Removal will be served upon all parties of this action and the Circuit Court for the City of Alexandria, promptly after the filing of this Notice, in accordance with the certificate set forth below and with the requirements of law. The clerk of the aforesaid State court shall effect the removal, and the State court shall proceed no further unless the case is remanded, as provided by law.

15. Target reserves the right to amend its notice of removal and/or oppose any amendment of Plaintiff's Complaint that would add any non-diverse defendant(s), destroying this Court's diversity jurisdiction.

16. If any questions arise as to the propriety of the removal of this action, Target requests the opportunity to present a brief and argument in support of its position that this case is removable.

WHEREFORE, on this 20th day of May, 2011, defendant Target Corporation d/b/a Target Stores, Inc. hereby removes the above-titled state court action, now pending in the Circuit Court for the City of Alexandria, Virginia, bearing Case No. CL11-1138, to the United States District Court for the Eastern District of Virginia, Alexandria Division.

TARGET CORPORATION
d/b/a Target Stores

By _____
Of Counsel

Edward H. Starr, Jr., Esq. (VSB No. 18609)
Heather H. Lockerman, Esq. (VSB No. 65535)
Attorney for Target Corporation
TROUTMAN SANDERS LLP
1001 Haxall Point
Post Office Box 1122
Richmond, Virginia 23219-1122
Telephone: (804) 697-1277
Facsimile: (804) 698-6047
ed.starr@troutmansanders.com
heather.lockerman@troutmansanders.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of May, 2011, a true copy of the foregoing was sent via facsimile and U.S. Mail, postage prepaid, addressed as follows:

David L. Bayne, Jr. Esq. (VSB No. 39583)
Ashcraft & Gerel, LLP
4900 Seminary Road, Suite 650
Alexandria, Virginia 22311

And sent via federal express, next business day service to:

Hon. Edward Semonian, Clerk
Circuit Court for the City of Alexandria
520 King Street, Room 307
Alexandria, Virginia 22314

2054025v1